IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARY K BAILEY                                                                                    PLAINTIFF

V.                                    CASE NO. 1:14-cv-00147-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                          DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Mary Bailey filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

## I.   PROCEDURAL HISTORY

Ms. Bailey protectively filed her applications for DIB and SSI on November 13, 2012. (R. at 12.) She alleged a disability onset date of September 30, 2010. (R. at 12.) She alleged complications from arthritis, irritable bowel syndrome, liver swelling, high blood pressure, allergies, and asthma. (R. at 16.) The Social Security Administration denied Ms. Bailey's claims at the initial and reconsideration levels. (R. at 12.) On March 25, 2014, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 27.) On August 29, 2014, the ALJ issued an unfavorable decision, denying Ms. Bailey's claims. (R. at 9.) On October 21, 2014, the Appeals Council denied Ms. Bailey's request for review. (R. at 1.)

On November 24, 2015, Ms. Bailey filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Compl. 1, ECF No. 2.) On January 28, 2015, the district judge

reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.)

## II.     ADMINISTRATIVE PROCEEDINGS

Ms. Bailey was sixty-one years old at the time of the administrative hearing and had completed high school. (R. at 32.) She had past relevant work as an assembly inspector, packer; fry cook; data entry; poultry dresser; and companion. (R. at 64-65.) The ALJ applied the five-step sequential evaluation process to Ms. Bailey's claims.[1] (R. at 13.) The ALJ found that Ms. Bailey satisfied the first step because she had not engaged in substantial gainful activity. (R. at 14.) At step two, the ALJ found that Ms. Bailey suffered from the severe medical impairments of asthma, osteoarthritis, and non-morbid obesity. (R. at 14.) At step three, the ALJ found that Ms. Bailey did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 15.) Before proceeding to step four, the ALJ found that Ms. Bailey had a residual functional capacity ("RFC") to perform medium work with the following additional limtiations:

> she can lift and carry no more than 50 pounds at a time with frequent lifting and carrying up to 25 pounds. She can perform activities that require a good deal of walking or standing, six hours in an eight-hour workday. She cannot be exposed to moderate amounts of respiratory irritants such as dust, fumes, strong odors, or extreme changes in humidity.

(R. at 15.) In making the RFC determination, the ALJ found that Ms. Bailey was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 19.) At step four,

---

[1]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

2

the ALJ found that Ms. Bailey was not capable of performing her past relevant work. (R. at 20.) At step five, the ALJ determined that there are jobs that exist in significant numbers in the national and local economies that Ms. Bailey can perform, such as a hospital dietary aide and a dining room attendant. (R. at 21.) Therefore, the ALJ found that Ms. Bailey was not disabled. (R. at 21.)

### III.     STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

### IV.     DISCUSSION

Ms. Bailey argues that the Commissioner's decision is not supported by substantial evidence.

(Pl.'s Br.1, ECF No. 11.) Specifically, Ms. Bailey alleges that substantial evidence does not support the ALJ's decision at step two and the RFC assessment. (*Id.* at 1-2.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 1, ECF No. 12.)

    A.    STEP TWO

Ms. Bailey contends that substantial evidence does not support the ALJ's finding that her chronic diarrhea is not a severe impairment. (Pl.'s Br. 7, ECF No. 11.) The Commissioner responds that substantial evidence supports the ALJ's step two determination. (Def.'s Br. 4, ECF No. 12.) Alternatively, the Commissioner argues that even if the ALJ should have found that Ms. Bailey's chronic diarrhea is a severe impairment, this error is harmless because the ALJ still considered this impairment at step five. (*Id.* at 6-7.)

The ALJ held that Ms. Bailey's chronic diarrhea is nonsevere. (R. at 14.) He found that "the record indicates little treatment prior to April 2014." (R. at 14-15.) He noted that Ms. Bailey "underwent a colonoscopy and had three polyps removed." (R. at 15.) He considered the fact that the examination of her colon was normal, and the lab results showed no sign of inflammatory process. (R. at 15.) He further considered that the random biopsies "indicated only mild, chronic inflammation." (R. at 15. (citing Ex. 11F)).

At step two, the ALJ must determine, "based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). Proof of a disabling impairment "must be supported by at least some objective medical evidence." *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). However, when an ALJ moves past step two, the ALJ must consider all of the claimant's

impairments–both severe and nonsevere–in making the RFC determination. 20 C.F.R. § 404.1523, 416.923 (1985). Therefore, as long as a claimant satisfies her burden at step two by proving that she has a severe impairment, the ALJ does not commit reversible error for categorizing an additional impairment as nonsevere.

Here, the ALJ found that Ms. Bailey satisfied her burden at step two. (R. at 14.) The ALJ proceeded to step five in making the determination that Ms. Bailey was not disabled. (R. at 21.) As such, the ALJ considered Ms. Bailey's chronic diarrhea in the RFC assessment. (R. at 16-17.) Therefore, Ms. Bailey's argument that substantial evidence does not support the ALJ's step two determination is moot.

      B.     THE RFC DETERMINATION

Ms. Bailey argues that substantial evidence does not support the ALJ's RFC determination because the ALJ relied on non-examining sources. (Pl.'s Br. 9, ECF No. 11.) She further argues that the ALJ should have given her treating physician's opinion controlling weight. (*Id.* at 12.) The Commissioner responds that the ALJ's RFC determination is supported by substantial evidence. (Def.'s Br. 8, ECF No. 12.)

It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence but

on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

On April 16, 2014, Lackey Moody, M.D., filled out a Physical Residual Functional Capacity Questionnaire. (R. at 359.) In it, Dr. Moody stated that Ms. Bailey constantly experienced "pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks." (R. at 360.) He opined that Ms. Bailey could only sit for twenty minutes at a time and stand fifteen minutes at a time. (R. at 360.) He further estimated that she could only sit and stand/walk for less than two hours in an eight-hour working day. (R. at 360.) He found that Ms. Bailey would miss more than four workdays per month and limited her to less than a sedentary level of work. (R. at 361-62.) The ALJ discounted Dr. Moody's assessment because "it is inconsistent with the evidence of record as a whole." (R. at 19.)

A treating physician's opinion "is due 'controlling weight' if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)). Treating physicians' opinions "are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (citing *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

Substantial evidence supports the ALJ's decision to afford limited weight to Dr. Moody's assessment because it is inconsistent with substantial evidence in the record. On September 19, 2013, Ms. Bailey saw Heidi L. Machen, APN–a nurse in Dr. Moody's office–for severe back pain. Ms. Machen found that Ms. Bailey had no spinal tenderness or misalignment, the leg raise test was negative, there was no CVA tenderness noted, and the range of motion of the spine was normal. (R.

at 334.) Ms. Machen offered to start Ms. Bailey on physical therapy, but she declined. (R. at 334.) On January 20, 2014, Ms. Machen noted that Ms. Bailey has tenderness to palpation present in both her right and left lower extremities, but no edema was present and no ecchymosis. (R. at 339.) Again, she noted that Ms. Bailey was non-compliant with therapy. (R. at 340.) Failure to follow the prescribed treatment discounts a claim of disabling pain. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).  On February 20, 2014, the results of Ms. Machen's examination was basically normal. (R. at 345-46.) While Ms. Machen is not an acceptable medical source and her findings do not constitute substantial evidence, they are consistent with the objective findings in the record. *See* 20 C.F.R. § 404.1513(a) (2013) (listing the acceptable medical sources); (R. at 315 (Roger Troxel, M.D.'s examination's objective findings are mostly normal); 354-57 (Michael Wilson, M.D.'s examination's objective findings are mostly normal)). After reviewing the entire record, the ALJ's decision to discount Dr. Moody's assessment as being inconsistent with substantial evidence in the record is supported by substantial evidence.

Ms. Bailey argues that the ALJ erred by placing significant weight on non-examining physicians. (Pl.'s Br. 9, ECF No. 11.) "As a general matter, the report of a consulting physician who examined a claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007) (quoting *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000)). However, where a treating physician's opinion is inconsistent with substantial evidence in the record, the ALJ may afford greater weight to the opinion of a consulting physician. *Id.* (citing *Travis v. Astrue*, 477 F.3d 1037 (8th Cir. 2007)). Here, since substantial evidence supports the ALJ's finding that the treating physician's opinion was inconsistent with the record as a whole, the ALJ

did not commit legal error by placing substantial weight on the consulting physicians' opinions. Therefore, substantial evidence supports the ALJ's RFC determination.

## V.    CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 3rd day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE